UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COASTAL INDUSTRIES, LLC**                         **CIVIL ACTION**

**VERSUS**                                          **NO. 16-480-JJB-EWD**

**ARKEL CONSTRUCTORS, LLC, ET AL.**

### ORDER

Before the Court is a Motion to Remand and for Expedited Consideration, filed by plaintiff Coastal Industries, LLC.[1]  Plaintiff asserts that the matter should be remanded because the Notice of Removal is procedurally defective under 28 U.S.C. § 1446 and because the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 due to the lack of complete diversity between the properly named parties.[2]

This case was removed by The Leffler Group Consulting Structural Engineers, Inc. d/b/a The Leffler Group and Smith LaRock Architecture P.C. (collectively, "Defendants"), based upon the Court's diversity jurisdiction under 28 U.S.C. § 1332.[3]  The Notice of Removal makes the following allegations regarding the citizenship of the parties:

2.

> In its Petition plaintiff, Coastal Industries, LLC, alleges that it is a Louisiana liability company [sic] domiciled in the Parish of East Baton Rouge.  Upon information and belief all of its members are domiciled in and are citizens of the State of Louisiana.  Therefore, Coastal Industries, LLC is deemed to be a citizen of the State of Louisiana for purposes of removal based upon diversity of citizenship.

---

[1] R. Doc. 7.
[2] *Id.* at 1.
[3] R. Doc. 1 at ¶ 14.

3.

The defendant, The Leffler Group Consulting Structural Engineers, Inc. d/b/a The Leffler Group, is a Colorado Corporation with its principal place of business in Arvada, Colorado and is therefore deemed to be a citizen of the State of Colorado for purposes of diversity and removal jurisdiction.

4.

The defendant, Smith LaRock Architecture P.C., is a professional corporation incorporated in the State of Colorado with its principal place of business in Denver, Colorado and is therefore deemed to be a citizen of the State of Colorado for purposes of diversity and removal jurisdiction.

5.

Upon information and belief the remaining co-defendant, Arkel Constructors, LLC, is a citizen of the State of Louisiana. However, its citizenship should be disregarded for purposes of removal because this non-diverse party is improperly joined as a defendant as there is no possibility of recovery by the plaintiff against Arkel Constructors, LLC. See *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 3/24/2016) and *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 9/10/2004).[4]

Proper information regarding the citizenship of all parties is necessary to establish the court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has not been adequately alleged. While the citizenship of the corporate defendants, The Leffler Group Consulting Structural Engineers, Inc. d/b/a The Leffler Group and Smith LaRock Architecture P.C., have been adequately alleged,[5] the citizenship of Coastal Industries, LLC and Arkel Constructors, LLC, has not been adequately alleged. The Notice of Removal alleges that Coastal Industries, LLC is a Louisiana limited liability company "domiciled in the

---

[4] *Id*. at 2-3.
[5] *Id*. at 2.

Parish of East Baton Rouge.  Upon information and belief all of its members are domiciled in and are citizens of the State of Louisiana.  Therefore, Coastal Industries, LLC is deemed to be a citizen of the State of Louisiana for purposes of removal based upon diversity of citizenship."[6]  The Notice of Removal also alleges that "Arkel Constructors, LLC, is a citizen of the State of Louisiana."[7]

The citizenship of a limited liability company is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Thus, the Notice of Removal must identify each member of the limited liability companies and allege each member's individual citizenship.  *See, Richards v. Ocwen Loan Servicing, L.L.C*., 2015 WL 1012988, at *2 (E.D. La. Mar. 5, 2015); *Advocate Fin., L.L.C. v. Maher*, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010).  *See, Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").  The Notice of Removal neither identifies the members of Coastal Industries, LLC and Arkel Constructors, LLC, nor does it state the citizenship of those members.  Although Defendants assert that the citizenship of Arkel Constructors, LLC should be disregarded as an improperly joined party, the issue of improper joinder is currently before the Court in Plaintiff's Motion to Remand.[8]  In order for the Court to make a determination regarding whether removal was proper under 28 U.S.C. § 1441 and whether there is diversity jurisdiction under 28 U.S.C. § 1332, Defendants must properly allege the citizenship of the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants, The Leffler Group Consulting Structural Engineers, Inc. d/b/a The Leffler Group and Smith LaRock Architecture P.C., shall have 7 days

---

[6] *Id.*
[7] *Id.*
[8] R. Doc. 7.

from the date of this Order to file an amended Notice of Removal without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

      Signed in Baton Rouge, Louisiana, on October 14, 2016.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**