## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**COASTAL INDUSTRIES LLC**                    **CIVIL ACTION**

**VERSUS**                                    **NO. 16-480-JJB-EWD**

**ARKEL CONSTRUCTORS, LLC ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 1, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

COASTAL INDUSTRIES LLC                          CIVIL ACTION

VERSUS                                          NO. 16-480-JJB-EWD

ARKEL CONSTRUCTORS, LLC ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand and for Expedited Consideration, filed by plaintiff Coastal Industries LLC ("Coastal").[1]  The Motion is opposed by defendants, The Leffler Group Consulting Structural Engineers, Inc. d/b/a The Leffler Group ("Leffler") and Smith LaRock Architecture P.C. ("Smith LaRock") (collectively, "Defendants").[2]  For the following reasons, the undersigned recommends that the Motion be **GRANTED** and that the matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

## Factual and Procedural Background

On or about June 13, 2016, Coastal filed a Petition in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, based upon damages that allegedly resulted from a construction project at the Marathon Petroleum Company in Garyville, Louisiana.[3]  Coastal named as defendants Arkel Constructors, LLC ("Arkel"), the general contractor on the project, Smith LaRock, which prepared plans and specifications for the project, and Leffler, the structural

---

[1] R. Doc. 7.
[2] R. Doc. 14.  Coastal filed a reply memorandum.  (R. Doc. 18).
[3] R. Doc. 7-2.

consulting engineer hired by Smith LaRock.[4]  The Petition asserts breach of contract claims against Arkel and tort claims against Smith LaRock and Leffler.

In the Petition, Coastal mentions that there is an arbitration clause in its subcontract with Arkel, asserting:

> Coastal acknowledges there is an arbitration clause in the contract with Arkel.  However, no means of making demand for arbitration has been expressly specified.  Furthermore, Arkel purported to reserve the right to require other forms of dispute resolution depending on the circumstances.  Coastal requests the Court to stay these proceedings pending arbitration as it finds to be just and reasonable should the Court find the arbitration clause is valid, enforceable and is the will of the parties, including staying this matter against defendants, Leffler and LaRock, pending arbitration between Coastal and Arkel, without prejudice to Coastal under La. C.C.P. art. 863.[5]

In a letter dated July 11, 2016, counsel for Arkel made an amicable demand upon Coastal to agree to voluntarily dismiss Arkel as a defendant in the underlying litigation and for the parties to proceed to arbitration as provided for in the subcontract executed by Coastal and Arkel.[6]  On or about July 13, 2016, Coastal filed a Motion to Stay Proceedings Pending Arbitration, asking the state court to stay the proceedings against Arkel pending arbitration or, alternatively, to stay the entire matter pending arbitration between Coastal and Arkel.[7]

On or about July 20, 2016, Arkel filed a Dilatory Exception of Prematurity and Alternative Motion to Stay and Compel Arbitration, asking the state court to dismiss Coastal's claims against Arkel or, alternatively, to stay the matter and compel Coastal to arbitrate its claims against Arkel.[8]

---

[4] *Id*. at 1-2.
[5] *Id*. at 12.  Coastal's reference to La. C.C.P. art. 863 appears to be in error, as that article governs the effect of signing pleadings.  However, La. R.S. 9:4202 provides for a stay of proceedings brought in violation of an arbitration agreement.
[6] R. Doc. 1-1.
[7] R. Doc. 1-3.
[8] R. Doc. 4-2.

Also on July 20, 2016, Defendants removed the matter to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[9]  In the Joint Notice of Removal, Defendants assert that Coastal is a Louisiana limited liability company and all of its members are domiciled in Louisiana, that Smith LaRock is a Colorado corporation with its principal place of business in Colorado, that Leffler is a Colorado corporation with its principal place of business in Colorado, and "upon information and belief the remaining co-defendant, Arkel Constructors, LLC, is a citizen of the State of Louisiana."[10]  Although Defendants allege that both Coastal and Arkel are Louisiana citizens, Defendants argue Arkel's citizenship should be disregarded for removal purposes because it was improperly joined as a defendant.  Defendants assert that there is no possibility of recovery by Coastal against Arkel based on the arbitration clause contained in the underlying subcontract between Coastal and Arkel.[11]  According to Defendants, Coastal has no possibility of recovery against Arkel because Coastal's state court Petition alleges the existence of an arbitration provision, the subcontract calls for binding arbitration, Arkel has demanded arbitration and its dismissal from the state court proceeding, and Coastal filed a motion asking the state court to stay the proceedings against Arkel pending arbitration.[12]

On August 19, 2016, Coastal filed a Motion to Remand and for Expedited Consideration, asserting that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Arkel, a

---

[9] R. Doc. 1.  According to Defendants, Arkel consented to removal.  (R. Doc. 4 at 2; R. Doc. 4-1).

[10] R. Doc. 1 at 2-3.  On October 14, 2016, this Court issued an Order giving Defendants seven days to file an amended Notice of Removal properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.  (R. Doc. 22).  On October 27, 2016, Defendants filed a Fourth Amended Joint Notice of Removal and Jury Demand, asserting that Coastal is a Louisiana limited liability company whose sole member, Kelly Sills, is a Louisiana domiciliary, that Leffler is a Colorado corporation with its principal place of business in Colorado, that Smith LaRock is a Colorado corporation with its principal place of business in Colorado, and Arkel is a Louisiana limited liability company with two members, John H. Fife and Derek J. Fife, both of whom are Louisiana domiciliaries. (R. Doc. 25 at 2).  Thus, Defendants allege that Coastal and Arkel are both Louisiana citizens for purposes of diversity jurisdiction.  (Id.).

[11] R. Doc. 1 at 3.

[12] Id. at 3-4.  See, R. Docs. 1-1, 1-2, and 1-3 at 31-42.

4

Louisiana citizen, is a properly named party.[13]  Coastal contends that in deciding whether Arkel was improperly joined, courts apply a Rule 12(b)(6) analysis to determine whether the complaint states a claim under state law against the in-state defendant.[14]  Coastal argues that its state court Petition expressly alleges a breach of contract claim against Arkel upon which relief can be granted.[15]  Coastal argues that the inclusion of an arbitration clause in its subcontract with Arkel has no bearing on whether Coastal has stated a cause of action against, and has a right to recover from, Arkel.  Coastal relies on a Louisiana Supreme Court case in which the court held, "[a]n arbitration clause does not inherently limit or alter either party's substantive rights, it simply provides for an alternative venue for the resolution of disputes."[16]

Coastal argues that whether a party is bound to arbitrate his substantive right of recovery against a named defendant is not the standard for determining whether the defendant is properly joined for purposes of determining federal subject matter jurisdiction.  Instead, the test is whether the petition adequately pleads a cause of action against that defendant.  Coastal contends that where and how Coastal's claims against Arkel might be adjudicated is wholly irrelevant to the issue of diversity jurisdiction.  Nevertheless, even if the mere existence of an arbitration clause was, by itself, sufficient grounds to disregard the citizenship of an otherwise properly joined defendant, Coastal asserts the arbitration clause at issue in this case is far from binding or mandatory and does not foreclose the possibility of litigation or the likelihood of judicial oversight or review of the arbitration proceeding.  Coastal points out that the subcontract contains the following pertinent provisions regarding arbitration:

> Except as otherwise provided herein, any and all disputes between
> Contractor [Arkel] and Subcontractor [Coastal] arising out of or

---

[13] R. Doc. 7 at 1.
[14] R. Doc. 7-1 at 11 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[15] R. Doc. 7-1 at 11; *See*, R. Doc. 7-2, ¶¶ 9-31.
[16] R. Doc. 7-1 at 11 (citing *Hodges v. Reasonover*, 12-0043 (La. 7/2/12), 103 So. 3d 1069, 1076).

related to these terms and conditions and the associated Contract shall be decided by an arbitrator mutually agreeable to both parties who will conduct the proceedings using the Construction Industry Rules of the American Arbitration Association.

\* \* \* \*

If the Contractor [Arkel] in good faith believes that any claim, dispute, or matter in controversy between the Contractor [Arkel] and the Subcontractor [Coastal] involves the rights or liabilities of the Owner, Architect, or other third party, or affects claims asserted by or against the Contractor [Arkel] with respect to such parties, then, at the Contractor's [Arkel's] sole election, the Subcontractor [Coastal] agrees to assert its claims and defenses in and to be bound by the determination of the forum or proceeding, including arbitration, administrative authority, court, which has jurisdiction over some or all of such claims, disputes, or matters in controversy between the Contractor and any such third parties.

\* \* \* \*

If the Contractor [Arkel] and the Subcontractor [Coastal] litigate or arbitrate a monetary claim, not otherwise prohibited by this Subcontract, the party found liable will pay the other party's reasonable attorney's fees.[17]

Coastal asserts that Louisiana courts disagree on whether such provisions allowing a party to choose the manner of proceeding are enforceable. Coastal further argues that arbitration clauses, like any other contract provision, are subject to waiver or breach. In addition, because the arbitration clause must be confirmed, modified, or vacated by a court, Coastal contends there is a reasonable basis for this Court to predict that Coastal might be able to recover against Arkel in state court. Thus, Coastal asserts Defendants have not established that Arkel was improperly joined as a defendant and that complete diversity exists in this case.[18]

---

[17] R. Doc. 7-1 at 12-14; *See*, R. Doc. 1-2 at 21.

[18] Coastal also asserts that the case should be remanded because the Joint Notice of Removal fails to allege the citizenship of each member of Coastal and Arkel and because the allegations of their citizenship were made "upon information and belief" rather than personal knowledge. (R. Doc. 7-1 at 6-7). Although the Joint Notice of Removal failed to properly allege the citizenship of Coastal and Arkel, the Defendants have since filed an amended Notice of Removal that properly alleges the citizenship of all the parties. (*See*, R. Doc. 25 at 2). "Amendments to defective allegations of jurisdiction are permitted. 28 U.S.C. § 1653." *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1529 (E.D.

On September 12, 2016, Defendants filed a Joint Opposition, asserting that Coastal's Motion to Remand should be denied because there is complete diversity between Coastal and the properly joined defendants.[19]   Defendants maintain that there is no reasonable possibility of recovery by Coastal against Arkel because the parties agreed to arbitrate all the claims between them, which means the claims are subject to dismissal.[20]  Defendants assert the claims are subject to dismissal because: (1) Louisiana courts lack subject matter jurisdiction over claims that are subject to arbitration; (2) Arkel filed a Dilatory Exception of Prematurity seeking dismissal in state court; and (3) federal procedural law requires that the claims be submitted to arbitration.[21] Defendants acknowledge that some federal courts have reached a contrary conclusion, but argue that such cases are contrary to Louisiana law and Fifth Circuit jurisprudence.[22]

In reply, Coastal argues that the mere existence of an arbitration clause in the subcontract between Arkel and Coastal does not automatically mean that Coastal has no reasonable basis for recovery against Arkel.[23]   Coastal points out that in each of the Louisiana cases cited by Defendants, the threshold issues of arbitrability, waiver, and validity of the arbitration clause had previously been addressed by the parties or the court.[24]  Coastal argues the cases are inapplicable because those threshold issues have yet to be addressed and remain at issue in this case.  Coastal

---

La. 1995).  Further, "[C]ourts in this Circuit have allowed parties to amend their notices of removal to add statements on the principal place of business or place of incorporation for a corporate entity."  *Stutsman v. Great W. Cas. Co*., 2015 WL 5437097, at *3 (W.D. La. Aug. 16, 2015), *report and recommendation adopted*, 2015 WL 5444891 (W.D. La. Sept. 15, 2015) (citing cases).  Since Defendants have filed an amended Notice of Removal that adequately alleges the citizenship of the parties, Coastal's argument on this issue is now moot.

[19] R. Doc. 14 at 1.

[20] *Id.* at 7.

[21] *Id*. at 7-10.

[22] *Id*. at 11 (citing *Cobalt Mining, LLC. v. Bank of Am. N.A*., 2008 WL 695887, at *3 (W.D. Ky. Mar. 12, 2008); *Cure v. Toyota Motor Corp.,* 248 F. Supp. 2d 594, 595 (S.D. Miss. 2003); and *Frank v. Am. Gen. Fin., Inc.,* 23 F. Supp. 2d 1346 (S.D. Ala. 1998)).

[23] R. Doc. 18 at 1-2.

[24] R. Doc. 18 at 2 n.2 (citing *Aeneas Williams Imports, L.L.C. v. Carter*, 47,989 (La. App. 2 Cir. 12/13/12), 131 So. 3d 894; *Ackel v. Ackel*, 97-70 (La. App. 5 Cir. 5/28/97), 696 So. 2d 140; *Parker v. St. Tammany Parish Hosp. Service Dist*., 94-2278 (La. App. 1 Cir. 2/27/96), 670 So. 2d 531; *Folkland v. Thomson McKinnon Securities, Inc*., 484 So. 2d 310 (La. App. 3 Cir. 1986); *Woodson Const. Co. v. R.L. Abshire Const. Co*., 459 So. 2d 566 (La. App. 3 Cir. 1984)).

further asserts that its state court Petition specifically asked the court to address the validity and enforceability of any arbitration clause, so it was in error for the Defendants to assert that the Petition sought arbitration between Coastal and Arkel at the time of removal.[25]  Coastal argues that the federal cases Defendants attempt to distinguish are applicable because in each case, the court held that citizenship of an in-state defendant cannot be ignored in determining diversity jurisdiction merely because the plaintiff may have a binding arbitration agreement with that defendant.[26]

## Applicable Law and Analysis

### A.  Improper Joinder

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).[27]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.  *Garcia*

---

[25] R. Doc. 18 at 2 (*citing* R. Doc. 14 at 6).

[26] R. Doc. 18 at 2-4 (citing *Cure v. Toyota Motor Corp.*, 248 F. Supp. 2d 594, 595 (S.D. Miss. 2003); and *Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346 (S.D. Ala. 1998); *Cobalt Mining, LLC. v. Bank of Am. N.A.*, 2008 WL 695887, at *3 (W.D. Ky. Mar. 12, 2008)).

[27] The parties do not dispute that the amount in controversy requirement is satisfied in this case.

*v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See,* 28 U.S.C. § 1447(c).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Id.* at 646-47.  Here, the first method of proving improper joinder is not at issue because Defendants have not alleged actual fraud in the Petition.  Defendants instead argue that Coastal will be unable to establish a cause of action against Arkel based on the arbitration clause contained in the subcontract between Coastal and Arkel.  As such, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004).

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways.  *Smallwood*, 385 F.3d at 573.  "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."  *Id*.  (citations omitted).  However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined.  *Id*.  (citation omitted).  Although the decision regarding

the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

## B.  Defendants Have Not Met Their Heavy Burden of Proving Arkel was Improperly Joined.

Defendants argue Arkel was improperly joined because there is no reasonable basis for the Court to predict that Coastal could recover against Arkel in state court since the arbitration agreement makes all of Coastal's claims against Arkel subject to dismissal.[28] Defendants first argue that Coastal's claims against Arkel are subject to dismissal because the state court lacks subject matter jurisdiction over claims that are subject to arbitration.[29] Defendants then argue that the claims are subject to dismissal based upon the Dilatory Exception of Prematurity filed by Arkel in state court, in which Arkel seeks dismissal since all of Coastal's claims against it are arbitrable and Arkel has made amicable demand for arbitration.[30] Finally, Defendants argue Coastal's claims are subject to dismissal under federal procedural law because all of the claims must be submitted to arbitration.[31] The Court finds that each of these arguments lacks merit.

Defendants' arguments presuppose that the arbitration clause is valid and enforceable, even though that determination has not yet been made by a court. "[T]he issue of subject matter jurisdiction must be resolved before the Court may pass on the validity and scope of the arbitration

---

[28] R. Doc. 14 at 7.
[29] *Id*. at 4, 7.
[30] R. Doc. 15 at 8-9; *See*, R. Doc. 25-1 at 40.
[31] R. Doc. 14 at 9-10 (citing *Alford v. Dean Whitter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (finding the district court acted within its discretion by dismissing the case rather than issuing a stay and explaining that, "Given our ruling that all issues raised in this action are arbitral and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.")).

clause." *Bollinger Shipyards Lockport LLC v. Northrop Grumman Ship Systems, Inc*., 2009 WL

86704, at *2 (E.D. La. Jan. 12, 2009) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S.

83, 93-102, 118 S.Ct. 1003, 1012-1016, 140 L.Ed.2d 210 (1998) ("[J]urisdictional questions

ordinarily must precede merits determinations in dispositional order.")).  Thus, the Court must

decide whether Defendants have met their burden of proving that this Court has subject matter

jurisdiction over the case under 28 U.S.C. § 1332 before the Court could even consider whether

Coastal's claims against Arkel are subject to arbitration under the arbitration clause contained in

the subcontract between Coastal and Arkel.

In their arguments to this Court, Defendants assert that the existence of a valid and

enforceable arbitration clause between Coastal and Arkel is dispositive of whether Arkel was

improperly joined as a defendant in this case.  However, "Courts that have considered the issue of

whether an arbitration agreement between a plaintiff and a non-diverse defendant renders the

joinder of the non-diverse defendant fraudulent have uniformly concluded that the existence of an

arbitration agreement 'does not yield the conclusion that Plaintiff has failed to state a colorable

basis for a claim . . . .'" *Cobalt Mining, LLC. v. Bank of Am. N.A*., 2008 WL 695887, at *3 (W.D.

Ky. Mar. 12, 2008) (citing *Koetters v. Ernst & Young*, LLP, 2005 WL 1475533, at *4 (E.D. Ky

June 21, 2005); *Cure v. Toyota Motor Corp*., 248 F. Supp. 2d 594, 596-97 (S.D. Miss. 2003);

*Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000); *Frank v. Am. Gen. Fin., Inc*.,

23 F. Supp. 2d 1346, 1348-49 (S.D. Ala. 1998)).

In *Cobalt*, the plaintiffs filed suit against Hollis Smith, a Kentucky citizen, and Bank of

America, N.A. ("Bank of America"), alleging fraud, negligent and intentional misrepresentation,

securities fraud, and conversion.  2008 WL 695887 at *1.  Smith subsequently moved the state

court to dismiss him from the action, asserting that the court lacked subject matter jurisdiction

because the operating agreements entered into by the parties required Cobalt to arbitrate its claims against him.  *Id.*  Despite Cobalt's opposition, the state court concluded that Cobalt's claims were subject to arbitration and dismissed Smith from the action.  Cobalt filed a motion to alter, amend, or vacate the order dismissing Smith, but Bank of America removed the case to federal court before the state court could hold a hearing on Cobalt's motion.  Cobalt subsequently filed a motion to remand, asserting that the case must be remanded to state court because Cobalt did not voluntarily dismiss Smith from the case.[32]  Bank of America opposed the motion to remand, arguing that Smith was improperly joined as a defendant because the arbitration provisions in the operating agreements clearly encompassed Cobalt's claims against Smith and required that those claims be submitted to arbitration.  *Cobalt*, 2008 WL 695887 at *3.

The court disagreed, finding that even though the state court had actually determined that Cobalt's claims were arbitrable and dismissed Smith from the action, that fact did not establish that the plaintiffs failed to state a colorable cause of action against Smith in state court.  *Cobalt*, 2008 WL 695887 at *3-4.  The court further held, "Even assuming that the arbitration provisions in the operating agreements were enforceable and that Cobalt's claims were subject to the provisions, at the time Cobalt filed this action in state court, there was a reasonable basis to predict that Cobalt would prevail on its claims against Smith."  2008 WL 695887 at *4.  The court reasoned that if Smith had not asserted his right to arbitrate then Cobalt's claims would have been resolved in state court and "Bank of America does not contend that there is no reasonable basis to predict that Cobalt could not prevail on the merits of its claims."  *Id.*  The court further explained, "[T]his court is convinced that at the time Cobalt filed this action, Cobalt had colorable claims against

---

[32] Cobalt relied upon the "voluntary/involuntary" rule applied by the Seventh Circuit, which provides that, "[C]ases with non-diverse parties did not become removable just because a non-diverse defendant was dismissed from the case. Instead, the Court held that such suits were removable only if the plaintiff voluntarily dismissed a non-diverse defendant."  *Cobalt*, 2008 WL 695887 at *2 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992)).

Smith.  Even in light of the fact that Smith did timely assert his right to arbitrate, Smith may still, nonetheless, 'default in proceeding with such arbitration' in any number of ways."  *Id.*  (*citing* 9 U.S.C. § 3).  Because Cobalt had a colorable claim against Smith at the time it filed the action in state court and Smith's dismissal from the action was improper,[33] the court concluded that neither the arbitration clause nor the fact that the state court dismissed Smith from the action established that Smith was fraudulently joined.  *Cobalt*, 2008 WL 695887 at *5.

Courts within this circuit have reached the same conclusion.  In *Phillips v. First Tower Loan, Inc.*, First Tower Loan, Inc. ("Tower Loan") filed a motion to compel arbitration in the state court action based upon an arbitration provision in its loan agreement with the plaintiffs.  2012 WL 5873360, at *2 (S.D. Miss. Nov. 20, 2012).  The state court subsequently entered an "[A]greed Order Granting Arbitration and Staying Action," staying all of the plaintiffs' claims against Tower Loan pending arbitration.  *Id.* (internal citation omitted).  Two of the remaining defendants then removed the matter to federal court under 28 U.S.C. § 1332, asserting that the case became removable once plaintiffs' claims against Tower Loan were compelled to arbitration.  *Id.*  The *Phillips* court, however, was "unpersuaded that Plaintiffs have no possibility of recovery against Tower Loan simply because their claims against this non-diverse Defendant have been compelled to arbitration."  2012 WL 5873360 at *5.

The court found support for its conclusion in an "often-cited opinion" from the Southern District of Alabama, wherein the court listed five reasons why the existence of an arbitration agreement between a plaintiff and a non-diverse defendant does not necessarily result in the

---

[33] The court concluded that, "[E]ven assuming that the arbitration provisions in the operating agreements were enforceable and that Cobalt's claims were subject to the provisions, the state court was only expressly authorized to *stay* the action pending such arbitration."  *Cobalt*, 2008 WL 695887 at *4.

defendant's citizenship being disregarded for removal purposes.  *Id*. (citing *Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346, 1348-50 (S.D. Ala. 1998)).  As the *Frank* court explained:

> First, the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction.
>
> * * * *
>
> Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement.
>
> * * * *
>
> Third, "[C]ourts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable."
>
> * * * *
>
> Fourth, even if it were established that the arbitration agreement at issue is otherwise valid and enforceable and that the parties have clearly and unmistakably agreed to submit the arbitrability question itself to arbitration, the right to arbitrate is a waivable right which the defendant may waive intentionally or even negligently by failing to assert it timely or some other "default in proceeding with such arbitration."
>
> * * * *
>
> Fifth, even an order compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction.

*Phillips*, 2012 WL 5873360 at *5 (quoting *Frank*, 23 F. Supp. 2d at 1349-50 (internal quotations omitted)).

The *Phillips* court found the first and fifth factors particularly applicable to the facts of the case, concluding that neither the arbitration agreement nor the Arbitration Order deprived the state court of subject matter jurisdiction.  2012 WL 5873360 at *6.  The court explained, "Parties may not 'confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver.'"  *Id*.  (quoting *Ballew v. Cont'l Airlines, Inc*., 668 F.3d 777, 786 (5th Cir.

2012)).  The *Phillips* court held, "But for the removal of this action, a Mississippi state court would enter final judgment on the claims following the completion of arbitration."  2012 WL 5873360 at *6.  The court further held, "The fact that an arbitrator is to decide the merits of Plaintiffs' claims against Tower Loan prior to final judgment in no way leads to the conclusion that those claims are without merit for purposes of improper joinder."  *Id.*  As such, the *Phillips* court concluded that the defendants failed to demonstrate that there was no possibility of recovery by the plaintiffs against Tower Loan based upon the arbitration agreement and the Arbitration Order.

The court reached the same conclusion in *Cure v. Toyota Motor Corp.*, *Inc.*, 248 F. Supp. 2d 594, 596 (S.D. Miss. 2003).  The defendants in *Cure* removed the case to federal court based on diversity jurisdiction, alleging that a non-diverse defendant, Hallmark, was improperly joined because the plaintiffs had entered into an arbitration agreement with Hallmark requiring the parties to submit any and all claims arising out of the underlying sale to binding arbitration.  248 F. Supp. 2d at 596.  The removing defendants argued that because the plaintiffs' claims against Hallmark were subject to arbitration, plaintiffs had no possibility of recovery from Hallmark in state court. The federal district court disagreed, quoting the five reasons set forth in *Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346 (S.D. Ala. 1998) to reject the argument that improper joinder should extend to situations where the plaintiff may have a valid cause of action against a non-diverse defendant, but is precluded by an arbitration clause from bringing the action.  *Cure*, 248 F. Supp. 2d at 596-97 (quoting *Frank*, 23 F. Supp. 2d at 1348-50).  After being "persuaded by the analysis and conclusions set forth in *Frank*," the court in *Cure* found the non-diverse defendant was not improperly joined and granted the plaintiffs' motion to remand.  248 F. Supp. 2d at 597.

In *Conner v. Merit Life Ins. Co.*, the removing defendants similarly alleged that a non-diverse defendant was improperly joined due to the existence of mandatory arbitration provisions

in some of the plaintiffs' loan agreements, which eliminated any possibility of recovery on those plaintiffs' claims.  2002 WL 32397235, at *5 (S.D. Miss. Mar. 28, 2002).  The court disagreed, relying on a prior decision in which the court recognized that because states can regulate and invalidate arbitration clauses under general contract law principles, the state court could find that the arbitration agreements are not enforceable and that the plaintiffs can go forward against the in-state defendants under common law theories of recovery.  *Id.*; *See, Cain v. American Heritage Life Ins. Co.,* 2001 WL 34403090 at *5 (S.D. Miss. Sept. 28, 2001) (citing *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995)).  The *Conner* court added that, "[E]ven if an arbiter renders a decision in favor of a defendant, the state court has the authority to vacate that decision and award damages to the plaintiff."  2002 WL 32397235 at *5.  Thus, the court concluded that the plaintiffs' possibility of recovery in state court was not precluded even by a mandatory arbitration provision.

Based on the foregoing authority, the Court finds that Defendants have not shown that Arkel was improperly joined as a defendant merely because there may be a valid and enforceable arbitration agreement between Coastal and Arkel.  The above cases demonstrate that neither an arbitration clause nor an order compelling arbitration is dispositive of the issue of improper joinder.  Thus, even if the arbitration clause between Coastal and Arkel is valid and enforceable, as Defendants allege, that fact alone does not satisfy Defendants' heavy burden of proving that Arkel was improperly joined in this case.  Since Defendants have not alleged any other basis for a determination that Coastal could not prevail on the merits of its claims against Arkel, the Court finds Defendants have not shown that Arkel was improperly joined to destroy complete diversity in this case.  As there is no dispute that Coastal and Arkel are both Louisiana citizens for purposes of diversity jurisdiction and Defendants have not shown that Arkel was improperly joined as a

defendant such that Arkel's citizenship should be disregarded, Defendants have failed to show that this Court has subject matter jurisdiction over this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### Conclusion

Based on the foregoing, Defendants have not met their burden of proving that Arkel was improperly joined as a defendant in this case.  It is undisputed that Coastal and Arkel are both Louisiana citizens for purposes of diversity jurisdiction.  Thus, Defendants have not shown that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) and Defendants have not alleged that this Court has subject matter jurisdiction based upon federal question under 28 U.S.C § 1331.  Without subject matter jurisdiction, this Court cannot consider the validity and scope of the arbitration agreement between Coastal and Arkel.

### <u>RECOMMENDATION</u>

It is the recommendation of the Magistrate Judge that Coastal Industries LLC's Motion to Remand[34] should be **GRANTED** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on December 1, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Doc. 7.